# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42924

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 314** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  January 8, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL WATSON CONICONDE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Benjamin R. Simpson, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A Fleming, Deputy Attorney General, Boise, for respondent.

———————————————————

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

———————————————————

PER CURIAM

Michael Watson Coniconde pled guilty to possession of a controlled substance.  I.C. § 37-2732(C)(1).  In exchange for his guilty plea, an additional charge was dismissed.  The district court sentenced Coniconde to a unified term of four years, with a minimum period of confinement of two years.  The district court suspended the sentenced and placed Conicode on probation.  Thereafter, Coniconde twice admitted to violating the terms of his probation.  The district court revoked probation and ordered execution of the sentence.  The district court retained jurisdiction, and Coniconde was sent to participate in the rider program.

1

After Coniconde completed his rider, the district court relinquished jurisdiction. Coniconde filed an I.C.R 35 motion, which the district court denied. Coniconde appeals, claiming that the district court erred by refusing to grant probation. He also argues his sentence is excessive and constitutes an abuse of discretion and that the district court erred in denying his Rule 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Coniconde has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Coniconde also contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Coniconde argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Coniconde's case.

Coniconde also argues that the district court erred in denying his Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v.*

2

*Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987.  The record does not indicate that the district court abused its discretion in sentencing or in denying Coniconde's Rule 35 motion.

The order of the district court relinquishing jurisdiction, Coniconde's sentence, and the district court's order denying Coniconde's Rule 35 motion are affirmed.